FILED

AUG - 1 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. THE ESTATE OF PETER SACCHI, KNOWN AND UNKNOWN HEIRS AND DEVISEES OF PETER SACCHI, STEPHANIE SACCHI COMBS, STEPHEN SACCHI and SAMUEL SACCHI, MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES and YELLOWSTONE COUNTY, a political subdivision of the State of Montana, **Defendants.** | CV 19-26-BLG-SPW JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1. This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Yellowstone, State of Montana, and is described as follows:

> Lot 6, Block 2, of Sunset Subdivision, in the city of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document #430343. (Doc. 1, Para. 5)

2. Peter Sacchi received a Home Equity Conversion loan and mortgage/deed of trust, commonly referred to as a reverse mortgage from Intermountain Mortgage Co. Inc., on February 28, 2005. The Home Equity Conversion program was established by Congress under 12 U.S.C. § 1715 et seq. The loan and deed of trust was subsequently assigned to the U.S. Department of Housing and Urban Development (HUD). No payments on such loans are due, until all parties who signed the loan and mortgage are deceased, or have vacated the premises for one year. The loan is evidenced by a promissory note dated February 28, 2005. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A (Doc. 1, Para. 2).

3. As security for the above-described loan Peter Sacchi executed two Deeds of Trust as described below:

   a.) A Deed of Trust with Intermountain Mortgage Co., Inc., as beneficiary on February 28, 2005. This Deed of Trust was filed for record with the Clerk and Recorder of Yellowstone County on March 4, 2005 as Document

2

No. 3324278. The Home Equity Conversion deed of trust was insured by HUD under the National Housing Act as amended, 12 U.S.C. § 1701 et Seq. A true and correct copy of the Deed of Trust is attached to the Complaint as Exhibit B. (Doc. 1, Para. 3 a.).

        b). A Deed of Trust with the Secretary of Housing and Urban Development as beneficiary on February 258, 2005. This Deed of Trust was filed for record with the Clerk and Recorder of Yellowstone County on March 4, 2005 as Document No. 3324280. A true and correct copy of the Deed of Trust is attached to the Complaint as Exhibit C. (Doc. 1, Para 3 b.)

        4. The Adjustable Rate Home Equity Conversion Deed of Trust originally held by Intermountain Mortgage as described in paragraph 3 above was subsequently assigned by Intermountain Mortgage to Financial Freedom Senior Funding Corporation on March 4, 2005. The Assignment of Deed of Trust was filed with Yellowstone County Clerk and Recorder on March 4, 2005, under Document Number 3324279. Financial Freedom Senior Funding Corporation assigned the Adjustable Rate Home Equity Conversion Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS") on September 25, 2009. The assignment was recorded with the Yellowstone County Clerk and Recorder's Office on October 5, 2009, as Document Number 3526446. MERS assigned the Adjustable Rate Home Equity Conversion Deed of Trust to the Secretary of Housing and Urban Development on January 18, 2012. The assignment was recorded with the Yellowstone County Clerk and Recorder on January 26, 2012

under Document Number 3612459. True and correct copies of all the Assignments of the Deeds of Trust are attached to the Complaint as Exhibit D. (Doc. 1, Para. 4).

5. The Deeds of Trust provide as security the real property located in Yellowstone County, Montana and described as follows:

> Lot 6, Block 2, of Sunset Subdivision, in the city of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document #430343.

6. Defendant, Peter Sacchi, is in default under the terms of the promissory note and deeds of trusts described above. The Deeds of Trust provides for immediate payment in full if the borrower dies or the property is not the principal residence of a least one surviving borrower. Peter Sacchi passed away on December 19, 2017 and there is no surviving borrower. Attached to the Complaint as Exhibit E is a copy of the Montana Death Record from the Lexis/Nexis database. The Yellowstone County Clerk of Court was contacted and no probate action has been filed for Peter Sacchi. The account was accelerated on August 17, 2017. (Doc. 1, Para. 6).

7. Defendant, Peter Sacchi, is indebted to the Plaintiff for the loans outlined above in the principal amount of $114,145.52, plus accrued interest in the amount of $46,769.09 as of February 13, 2018, plus administrative charges for payment of property tax, insurance and program fees in the amount of $16,341.20 for a combined total of $177,255.81 as of February 23, 2018. Interest continues to accrue from February 23, 2018, at the rate of $18.26 per day until the date of entry

of judgment. Attached to the Complaint as Exhibit F is a Certificate of Indebtedness which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. (Doc. 1, Para. 7).

8. Defendants, the Estate of Peter Sacchi and Known and Unknown Heirs and Devisees of Peter Sacchi, including Stephen Sacchi, Stephanie Sacchi Combs and Samuel Sacchi, were served by Summons for Publication in the *Billings Gazette* pursuant to 28 U.S.C. § 1655, on June 19, 2019. See Doc. 24. Defendants did not make an appearance. Their default was entered on July 19, 2019. (Doc. 27).

9. Defendant Samuel Sacchi, executed a Waiver of Service of Summons; it was filed with the Court on March 18, 2019. (Doc. 8). Defendant did not make an appearance. His default was entered on July 19, 2019. (Doc. 27).

10. Defendant Stephen Sacchi, executed a Waiver of Service of Summons; it was filed with the Court on April 2, 2019. (Doc. 13). Defendant did not make an appearance. His default was entered on July 19, 2019. (Doc. 27).

11. Defendant Stephanie Sacchi Combs, was personally served with a copy of the Summons and Complaint by the United States Marshals Service on April 9, 2019. (Doc. 18). Defendant Stephanie Sacchi Combs did not make an appearance. Her default was entered on July 19, 2019. (Doc. 27).

12. Defendant, Montana Department of Public Health and Human Services was personally served with a copy of the Summons and Complaint by the United States Marshals Service on March 25, 2019. (Doc. 14). On May 16, 2019, a Stipulation between United States and Montana Department of Public Health and Human Services was filed with the Court. (Doc. 23). This Stipulation acknowledges that the Montana Department of Public Health and Human Services has an interest in the real property that is subject to the foreclosure by virtue of a Medical Assistance Lien dated January 13, 2017. In the Stipulation Montana Department of Public Health and Human Services agrees that it has no objection to the United States obtaining a judgment, decree of foreclosure and order of sale. Montana Department of Public Health and Human Services agrees that their lien is in a subordinate position to the deeds of trust held by the United States.

13. Kevin Gillen, Deputy Yellowstone County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on March 18, 2019. (Doc. 9). On March 18, 2019, Defendant Yellowstone County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Doc. 10).

## CONCLUSIONS OF LAW

14. Yellowstone County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

15. The Plaintiff, United States, is entitled to judgment against Defendant, Peter Sacchi, in the principal amount of $114,145.52, plus accrued interest in the amount of $46,769.09 as of February 13, 2018, plus administrative fees in the amount of $16,341.20 for a combined total of $177,255.81 as of February 13, 2018. Interest continues to accrue from February 13, 2018, at the rate of $18.26 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

16. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, has judgment against Defendant, Peter Sacchi, in the principal amount of $114,145.52, plus accrued interest in the amount of $46,769.09 as of February 13, 2018, plus administrative fees in the amount of $16,341.20 for a combined total of $177,255.81 as of February 13, 2018. Interest continues to accrue from February 13, 2018, at the

rate of $18.26 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Yellowstone County, Montana, and described as follows:

> Lot 6, Block 2, of Sunset Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document #430343.

4. Pursuant to 12 U.S.C. § 1701(k) there is no right of redemption, and the United States is not seeking a deficiency judgment.

5. The real property be sold in one unit.

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale and Deed to the purchaser at the time of sale of the real property.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's

deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9.   The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

   A.   To Yellowstone County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

   B.   To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

   C.   Any overplus remaining after the payments to Fergus County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10.   The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's deed of trust, either by mortgage, judgment, or decree, upon the real property described in the deed of trust subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, shall be forever barred and foreclosed of and from all equity of redemption and claim to the deed of trust or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

11. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

12. The United States is not seeking a deficiency judgment.

DATED this 1st day of August, 2019.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Court Judge